IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| YUN SAKSENA, and GORDON SAKSENA, | |
| Plaintiffs, | 8:25CV406 |
| vs. | ORDER TO SHOW CAUSE |
| FARMER'S GROUP PROPERTY AND CASUALTY INSURANCE COMPANY, | |
| Defendant. | |

The Court is under an independent obligation to assure itself of subject-matter jurisdiction. *Gallagher v. Santander Consumer USA, Inc.*, 125 F.4th 865, 867 (8th Cir. 2025). Plaintiffs' complaint alleges the Court has subject matter jurisdiction on the basis of diversity. Federal diversity jurisdiction requires that (1) the amount in controversy exceeds $75,000 and (2) there is complete diversity of citizenship. 28 U.S.C. § 1332. Plaintiffs allege at the time of the underlying actions they were citizens of Nebraska. Filing No. 1. Plaintiffs also allege they are no longer Nebraska residents. No. 1 at 2 ¶7. Because the citizenship of the parties at the time the complaint is filed is relevant for the purposes of diversity, *see Eckerberg v. Inter-State Studio & Publishing Co.*, 860 F.3d 1079, 1084 (8th Cir. 2017), the Plaintiffs are hereby ordered to file a disclosure statement pursuant to Fed. R. Civ. P. 7.1(a)(2) identifying their place of citizenship at the time of the complaint.

IT IS ORDERED that Plaintiffs are given until September 26, 2025 to file a disclosure statement identifying each of their place of citizenship or otherwise show cause why this case should not be remanded for lack of subject-matter jurisdiction.

Dated this 19th day of September, 2025.

BY THE COURT:

*s/ Jacqueline M. DeLuca*
United States Magistrate Judge