IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| YUN SAKSENA and GORDAN SAKSENA,[1] <br><br> Plaintiffs, <br><br> v. <br><br> FARMER'S GROUP PROPERTY AND CASUALTY INSURANCE COMPANY, <br><br> Defendant. | 8:25CV406 <br><br> ORDER |

This matter is before the Court on a Findings and Recommendation (Filing No. 20) by the magistrate judge[2] recommending the Court grant defendant Farmer's Group Property and Casualty Insurance Company's ("Farmer's Group") "2nd Motion to Strike" (Filing No. 11) paragraph 45 of plaintiffs Yun Saksena and Gordon Saksena's (together, the "Saksenas") complaint with prejudice. *See* Fed. R. Civ. P. 12(f) ("The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."); 28 U.S.C. § 636(b)(1) (authorizing the referral of such matters to a magistrate judge for review). In paragraph 45, the Saksenas allege that "[t]he actions and conduct of" their insurer, Farmer's Group, in denying their underinsured-motorist claim "were willful and wanton so as to entitle Plaintiff [sic] to punitive damages."

Farmer's Group maintains such damages "are not allowable damages in the State of Nebraska and such allegation is immaterial, impertinent, and scandalous and should be

---

[1] Although the caption of the Complaint (Filing No. 1) identifies this plaintiff as "Gordan Saksena," his counsel has advised the Court that his first name is "Gordon" as used in the body of the pleading. The Court hereby grants the plaintiffs leave to amend their pleading to correct the misnomer in the caption. *See* Fed. R. Civ. P. 15(a). They shall do so by October 31, 2025.

[2] The Honorable Jacqueline M. DeLuca, United States Magistrate Judge for the District of Nebraska.

stricken." *See O'Brien v. Cessna Aircraft Co.*, 903 N.W.2d 432, 458 (Neb. 2017) ("Under Nebraska law, 'punitive, vindictive, or exemplary damages contravene Neb. Const. art. VII, § 5, and thus are not allowed in this jurisdiction.'" (quoting *Distinctive Printing & Packaging Co. v. Cox*, 443 N.W.2d 566, 574 (Neb. 1989))).

In resisting Farmer's Group's motion (Filing No. 13), the Saksenas assert motions to strike are generally disfavored and contend Farmer's Group is merely attempting to delay this litigation despite suffering no prejudice from paragraph 45. They further contend the motion is premature given what they see as the possibility of a choice-of-law question regarding punitive damages.

After careful review, the magistrate judge found Nebraska law applies to the Saksenas' breach-of-contract and bad-faith claims against Farmer's Group. Based on those conclusions and the unavailability of punitive damages under Nebraska law, the magistrate judge recommends the motion to strike be granted and the request for punitive damages be stricken. Despite their earlier resistance, the Saksenas have not objected to the magistrate judge's findings and recommendation, and the time to object has now passed. *See* 28 U.S.C. § 636(b)(1) (giving fourteen days to object); Fed. R. Civ. P. 72(b)(2) (same).

Under § 636(b)(1), the Court must "make a de novo review of . . . specified proposed findings or recommendations to which objection is made." Absent objection, however, further review is unnecessary. *See Peretz v. United States*, 501 U.S. 923, 939 (1991); *Leonard v. Dorsey & Whitney LLP*, 553 F.3d 609, 619-20 (8th Cir. 2009) ("[T]he failure to file objections eliminates not only the need for de novo review, but *any* review by the district court."); NECivR 72.2(f) (explaining that failing "to object to a finding of fact" may constitute a waiver).

Because the Saksenas did not timely object to the magistrate judge's findings and recommendation,

IT IS ORDERED:

1. The Findings and Recommendation (Filing No. 20) is accepted. Any objections are deemed waived.

2. Defendant Farmer's Group Property and Casualty Insurance Company's "2nd Motion to Strike" (Filing No. 11) is granted.

3. Paragraph 45 of plaintiffs Yun Saksena and Gordon Saksena's Complaint (Filing No. 1) is stricken and should not be included in their amended pleading.

Dated this 23rd day of October 2025.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge